UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JESSICA SMITH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:11CV39  RWS |
| JIM SUMNER, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before me on plaintiff's motion to dismiss defendant's affirmative defenses. Plaintiff claims it is entitled to bring a motion under Fed. R. Civ. P. 12(b)(6) to dismiss affirmative defenses raised in defendant's answer more than a year ago. Plaintiff is wrong. Federal Rule 12(b)(6) applies to defenses to a claim for relief. Affirmative defenses are not claims for relief; they are defenses to claims for relief. See Wells Fargo & Co. v. U.S., 750 F. Supp. 2d 1049, 1051 (D. Minn. 2010) ("An affirmative defense is not a claim for relief . . . ."). To challenge an insufficient affirmative defense, a party must file a motion to strike under Rule 12(f) "within 21 days after being served with the pleading."  As plaintiff waited more than one year to file this motion, even if I treated it as a motion to strike, it would still be untimely.[1]

Accordingly,

---

[1]Even if plaintiff had properly brought her challenge to defendant's affirmative defenses, her argument would still fail because "neither Rule 8(a)(2) [which governs the pleading of affirmative defenses] nor any other rule requires a defendant to plead facts showing that the plaintiff is not entitled to relief." Wells Fargo, 750 F. Supp. 2d at 1051 (internal quotation marks and citations omitted).

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss [#34] is denied.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 10th day of October, 2012.