UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| JESSICA SMITH, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 2:11CV39 RWS |
|  | ) |  |
| JIM SUMNER, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This matter is before me on plaintiff's motion to compel. Plaintiff moves to compel defendant to file complete answers without objection to plaintiff's interrogatories and request for production. Plaintiff contends that defendant has waived all objections because defendant filed them out of time and did not obtain an extension of time to do so. Incredibly, defense counsel is taking the position that plaintiff cannot file this motion because it was not filed within 14 days of the cut-off date of discovery. Defendant's position is untenable given that he filed his responses to discovery more than 14 days after the discovery cut off and must find. To find otherwise is to reward defendant's conduct, which smacks of gamesmanship and contravenes traditional notions of fairness and the law -- not to mention the Federal Rules of Civil Procedure. I will not permit dilatory and contumacious conduct in discovery to be its own defense to responding to proper discovery requests.

I have reviewed defendant's responses to plaintiff's discovery and find them to be patently deficient. For example, defendant claims he does not know what a dildo is but he uses the word himself on page 12 of his memorandum in support of summary judgment. He also claims to have no witnesses or documents that support his defenses to plaintiff's allegations or

his affirmative defenses, yet he attaches affidavits and medical records to his summary judgment motion in support of these defenses.  Plaintiff is entitled to complete, **truthful** answers to her discovery requests without qualification by defendant's meritless general objections.  I will not require defendant to respond to Interrogatory Number 3 because it is objectionable, but defendant will be required to file complete responses without any objections to the remainder of plaintiff's discovery requests.  I suggest defense counsel and defendant consult a dictionary if defendant has trouble comprehending the defendant's discovery requests.  **Any further obfuscation by defendant or defense counsel will result in the imposition of sanctions.**  Finally, if defendant expects this Court to rule on his summary judgment, then he should file complete copies of all deposition transcripts instead of excerpted portions.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel [#58] is granted in part and denied in part as follows: **defendant is required to provide complete responses without any objection, in writing and under oath, to all of plaintiff's discovery requests except for Interrogatory Number 3 by Wednesday, November 14, 2012.  Failure to comply with this Order will result in the imposition of sanctions.**

**IT IS FURTHER ORDERED** that plaintiff is granted an extension of time, up to and including **December 14, 2012** to file his opposition to summary judgment.  Defendant may file any reply brief in support of summary judgment by **December 24, 2012.**

**IT IS FURTHER ORDERED** that defendant shall supplement his summary judgment motion with complete copies of all deposition testimony by **November 13, 2012** or the motion will be denied.  Defendant shall also deliver a courtesy copy of his summary judgment motion,

memorandum in support with all exhibits, and complete copies of all deposition testimony to the chambers of the undersigned by the same date.

**IT IS FURTHER ORDERED** that **if Mary Delworth is representing defendant in this case, then she shall file an entry of appearance by November 13, 2012, and submit an affidavit by that same date stating that she has shown this Memorandum and Order to her supervising attorney at the Missouri Attorney General's Office.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of November, 2012.